UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

DEXTER ARTIS,                         )
                                      )
         Plaintiff,                   )
                                      )
    v.                                )    No. 1:19-cv-19-DDN
                                      )
HON. JOE SATTERFIELD, et al.,         )
                                      )
         Defendants.                  )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Dexter Artis, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff did not submit the required inmate account statement in support of the instant motion. However, in a statement attached to the complaint, plaintiff averred that he requested the statement, but his request was ignored. (Docket No. 1, attch. 5). The Court will therefore assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

2

*Pro se* complaints must be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. His complaint lists three defendants: the Honorable Joe Satterfield, Prosecuting Attorney Russell Oliver, and Sheriff Carl Hefner. Plaintiff sues the defendants in their official and individual capacities. He alleges as follows.

Plaintiff was imprisoned in Mississippi County, but was able to get his charges dropped. However, Stoddard County charged him with a robbery he did not commit. On July 20, 2018, Oliver put out a warrant for his arrest "with lack of evidence only a glove that had multiple DNA in it. He was only supposed to question me about it." (Docket No. 1 at 5). Plaintiff alleges "they held it over my head like it was and used it to hold me at Stoddard Co." *Id.* Judge Satterfield "signed off on the warrant, he failed to do his job he allowed this to happen," and he chose to hold plaintiff with no evidence. *Id.* Plaintiff writes "Sheriff Carl Hefner holding me unlawfully in Stoddard County." *Id.* Plaintiff wrote to Judge Satterfield, but he is still being held. Plaintiff alleges "they" put him on the news, and he felt humiliated. *Id.* Plaintiff alleges

3

he has suffered false imprisonment, pain and suffering, and mental stress. He seeks monetary relief in the amount of $250,000.

## Discussion

Plaintiff seeks damages against Judge Satterfield for wrongs he allegedly committed in the course of his judicial duties. These claims will be dismissed. Judges are absolutely immune from civil lawsuits based on alleged judicial misconduct. *Imbler v. Pachtman*, 424 U.S. 409, 434-35 (1976) (citing *Pierson v. Ray*, 386 U.S. 547 (1967)). This judicial immunity is subject to two exceptions: (1) when a judge does not act within his judicial capacity, or (2) when a judge takes judicial action in the absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 12.

In the case at bar, Judge Satterfield's allegedly unlawful actions – signing a warrant and ordering plaintiff detained – were judicial in nature. In addition, plaintiff was a criminal defendant in a case over which Judge Satterfield presided, and therefore dealt with Judge Satterfield in his judicial capacity. Finally, Judge Satterfield, acting as an Associate Circuit Judge in the 35th Judicial Circuit Court, took judicial action pursuant to the jurisdiction granted by the Missouri Constitution. *See* Mo. Const. art V, §§ 15, 17. Because Judge Satterfield's allegedly wrongful acts were done within his judicial capacity and with proper jurisdiction, he is absolutely immune from suit.

Next, plaintiff seeks damages against Oliver, a prosecuting attorney, for wrongs he allegedly committed while initiating and/or pursuing a criminal prosecution of plaintiff. These claims will be dismissed because Oliver is immune from such suit. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (holding that prosecutors are absolutely immune from civil rights

4

claims based on actions taken while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (same).

Next, plaintiff seeks damages against Sheriff Hefner for "holding me unlawfully in Stoddard County." *Id.* Plaintiff provides no factual support or enhancement for this statement. Absent a factual underpinning, plaintiff's allegation amounts to a legal conclusion that is not entitled to the presumption of truth. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that while "court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"). Additionally, plaintiff does not allege that Hefner took any action that violated his federally-protected rights. Instead, plaintiff seeks to hold Hefner liable because he oversaw the institution where plaintiff was incarcerated. These allegations do not state a viable claim for relief. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."). Finally, plaintiff claims that "they" put him on the news, causing him to feel humiliated. These allegations do not state a claim of constitutional dimension, and plaintiff fails to allege the personal involvement of any named defendant. *See id.*

After carefully reading and liberally construing the complaint, the Court concludes that it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b). The Court also concludes that the problems with the complaint would not be cured by permitting plaintiff to file an amended pleading. Plaintiff's complaint will therefore be dismissed, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Docket No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 1st day of March, 2019.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE